IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Genuine Truth Banner, | ) | Case No.: 6:24-cv-05147-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Dennis Patterson, Joel Anderson, Brandon Byrd, Stephanie Skewes, Joseph Stines, Stacey Richardson, Jana Hollis, Mrs. Mackey, Audrey Daniels-Moore, Terrie Wallace, AW Joseph Canning III, Felicia McKie, Mrs. Snow, Mrs. Sylvia Roberts, John Doe 4, Lashawn Peoples, Esther Labrador, Brian Sterling, South Carolina Department of Corrections, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald (DE 31), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerning the Magistrate Judge's initial review of Plaintiff Genuine Truth Banner's ("Plaintiff" or "Banner") pleadings.[1]

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### A. Background

The Report comprehensively sets forth the factual allegations and legal framework, which the Court adopts by reference and summarizes briefly below for context.

Plaintiff, an inmate in the custody of the South Carolina Department of Corrections ("SCDC"), currently housed at Broad River Correctional Institution ("Broad River"), alleges violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments. (DE 19 at 7.) He challenges his placement in and continued confinement under maximum security/substantiated security risk ("SSR") status beginning April 2, 2020, following allegations that he sought to murder a correctional officer at Lee Correctional Institution. (*Id.* at 9.)

Among other complaints, Plaintiff alleges prolonged solitary confinement, limited recreation, strip searches, lack of due process, limited access to personal property and privileges, lack of sunlight, extreme cold, restricted visitation, and inadequate access to grievance procedures. He also asserts that his continued SSR placement persisted despite his acquittal on the underlying charges in October 2021 and recommendations from mental health staff for his release from SSR status. (*Id.* at 10–15.)

Plaintiff also alleges that, upon transfer to Broad River, he underwent a videotaped strip and cavity search in the presence of multiple officers, which he claims violated his constitutional rights. He contends he has been unable to exhaust

administrative remedies and that his Prison Rape Elimination Act ("PREA") grievance was ignored. (*Id.* at 15.)

### B. Report and Recommendation

On December 5, 2024, the Magistrate Judge issued a Report recommending dismissal of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The Report noted that the majority of Plaintiff's claims—regarding the 2020 incident, placement in SSR, and general conditions of confinement—had already been litigated in prior federal actions and were barred by the doctrines of res judicata and issue preclusion. *See Banner v. Daniels-Moore*, No. 6:23-cv-00570-JD-KFM, 2023 WL 7284849 (D.S.C. Nov. 3, 2023); *Banner v. Anderson*, No. 6:21-cv-03738-JD-KFM, 2022 WL 1537320 (D.S.C. May 16, 2022).

The Report further concluded that Plaintiff failed to cure the deficiencies identified in the Court's prior order (DE 10) despite having filed an amended complaint. The Report therefore recommended dismissal with prejudice. (DE 31 at 13.) On December 23, 2024, Plaintiff objected to the Report.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district

3

judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff makes four enumerated objections to the Report, which the Court will address in turn.[2]

Objection 1 relates to Banner's "placement and continuation on SSR." (DE 36 at 1.) Plaintiff argues that his extended SSR confinement exceeds a four-year limitation. However, as the Magistrate Judge noted, Plaintiff has previously raised this issue in prior § 1983 actions, which were dismissed because the SSR classification does not implicate a protected liberty interest. The Court also found that Plaintiff failed to allege unconstitutional conditions of confinement. Moreover, Plaintiff's own exhibits show that his SSR level has periodically changed. Thus, issue preclusion bars re-litigation of this claim. The objection is, therefore, overruled.

Objection 3 again relates to his conditions of confinement on SSR and "freezing temperatures." Plaintiff challenges the conditions of his confinement, specifically the cold temperatures at Kirkland Correctional Institution. However, the Report properly concluded that Plaintiff's generalized allegations against groups of

---

[2] Banner's Objection 2 states he is not challenging the disciplinary charge conviction, so the Court does not address this objection.

defendants failed to state a plausible claim under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023). Plaintiff also acknowledged that inmates were relocated once the temperature dropped. These facts do not rise to the level of a constitutional violation under the Eighth Amendment. *See Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). The Report adequately addressed Banner's objection, and the Court agrees with the Magistrate Judge's well-reasoned recommendation. Thus, the objection is overruled.

Lastly, Banner objects to the collective/cavity search, stating, "the search by 4 or 5 people at once in a public setting" is excessive. (DE 36 at 2.) Again, the Report addresses this point, finding that "the Supreme Court has recognized that the requirement that maximum security inmates undergo regular strip searches fails to raise a constitutional claim" and "[P]laintiff has not alleged that the search was unnecessarily physically intrusive and although the plaintiff disagrees with the fact that the strip search was videotaped, there is no indication that the videotaping was for an improper purpose or that the video was somehow distributed by the defendants." (DE 31 at 9) (citations omitted.) Therefore, these claims are subject to summary dismissal, and the Court overrules Banner's objection.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 31) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is DISMISSED with prejudice for failure to state a claim and without leave to amend. All pending motions are DENIED AS MOOT.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 12, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

6